IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| LUTHER EUGENE CALDWELL | § | |
| VS. | § | CIVIL ACTION NO. 5:13-CV-93 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Luther Eugene Caldwell, an inmate confined at the McConnell Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis,* filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court referred this matter to the Honorable Caroline Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the petition be denied.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings.  Petitioner filed objections to the Report and Recommendation of United States Magistrate Judge.  This requires a *de novo* review of the objections in relation to the pleadings and applicable law.  *See* FED. R. CIV. P. 72(b).  After careful consideration, the Court finds the objections lacking in merit as outlined below.

With respect to the first ground for relief, petitioner argues the Magistrate Judge erred in determining the "said Court of Appeals has 'NO power to determine whether the state reasonably applies its rule of evidence." The standard quoted by petitioner is not the standard applied by the Magistrate Judge.This Court can find no error in the standard of review as recited by the Magistrate Judge.  As established in *Estelle v. McGuire*, a **federal court** has no jurisdiction to determine whether the state reasonably applies its rules of evidence.  502 U.S. 62, 67 (1991)

(emphasis added). "A state court's evidentiary rulings present cognizable habeas claims **only if** they run afoul of a specific constitutional right or render the petitioner's trial fundamentally unfair." *Johnson v. Puckett*, 176 F.3d 809, 820 (5th Cir. 1999) (emphasis added). "The failure to admit evidence amounts to a due process violation only when the omitted evidence is crucial, critical, highly significant factor in the context of the trial. *Id*. at 821. On federal habeas review of a state conviction, even constitutional error is harmless unless it "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Under this standard, a petitioner is not entitled to habeas relief based on trial court error unless he can establish that the error resulted in actual prejudice. *Id.* at 637.

Although the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense, this right is not absolute. *Holmes v. South Carolina*, 547 U.S 319, 324 (2006). Broad latitude is granted the States to establish rules excluding evidence from criminal trials. *Id*. If a state's rules are arbitrary or disproportionate to the purpose they are designed to serve and infringe upon "a weighty interest of the accused," they may violate a criminal defendant's right to present a defense. *Id*. However, "[w]ell established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury." *Id*. at 327.

As outlined by the Magistrate Judge, the trial court in the present case focused on the probative value and the potential adverse effects of admitting the defense evidence of third-party guilt. By denying this claim, the Texas Court of Criminal Appeals necessarily determined that petitioner's allegations regarding the trial court's exclusion of this evidence failed to present or establish a due process violation that substantially and injuriously affected the jury's verdict. *Brecht,* 507 U.S. at 637 (1993) (under this standard, a petitioner is not entitled to habeas relief based on trial court error unless he can establish that the error resulted in actual prejudice). Petitioner again has failed to rebut the presumption of correctness owed to the state court's factual findings with clear and convincing evidence and has also failed to establish the Texas Court of Criminal Appeals'

2

adjudication of this claim was somehow an objectively unreasonable application of Supreme Court precedent.

Petitioner next argues the Magistrate Judge erred in finding petitioner did not offer any cause for the procedural default, nor demonstrate prejudice or a fundamental miscarriage of justice as it relates to his second ground of relief of trial court error for improperly admitting hearsay evidence. On state habeas review, the trial court found that petitioner was unable to pursue this particular complaint by way of an application for writ of habeas corpus as the claims "could have been resolved by objection at trial or raised on direct appeal." By adopting the trial court's findings, the Texas Court of Criminal Appeals rejected this claim based on a state procedural default.

In his objections, petitioner states he argued ineffective assistance of trial and appellate counsel as cause for the procedural default.[2] Assuming, without finding, petitioner's counsel was somehow ineffective, petitioner still cannot show prejudice. As established by the record, the trial court found first that he believed the objection was untimely. However, he ultimately considered the hearsay objection and overruled it based on Texas Rules of Evidence 801(e)(2)(b), *Alvarado v. State*, 912 S.W.2d 199, 215 (Tex. Crim. App. 1995) and *Tucker v. State* 771 S.W.2d 523, 535 n. 5 (Tex. Crim. App. 1988) as an adopted admission against penal interest. Finally, petitioner has not shown that the failure to consider this claim will result in a fundamental miscarriage of justice. *Glover v. Cain*, 128 F.3d 900, 902 (citing *Coleman v. Thompson*, 501 U.S. 722, 732-32 (1991).

---

[2]Petitioner appears to argue the cause for the procedural default was his trial counsel should have objected to the use of this testimony as Little Charles was "available" to testify. Petitioner cites to Texas Rules of Evidence 804(a) which is entitled "Exceptions to the Rule Against Hearsay – When the Declarant is Unavailable as a Witness." Any such objection, however, would have been frivolous and counsel cannot be ineffective for failing to lodge a frivolous objection. *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) (failure to make a frivolous objection is not unreasonable). The testimony was considered to be an adopted admission against penal interest which is not hearsay. Laying the predicate for "unavailability," therefore, was not necessary. Furthermore, this Court owes deference to the implicit finding by the Texas Court of Criminal Appeals that they found this claim lacking in merit when it denied petitioner's application without written order on the findings of the trial court, without a hearing. *See Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004) (the presumption of correctness applies to both implicit an explicit factual findings).

Petitioner also argues the Magistrate Judge erred in denying an evidentiary hearing to determine why the trial court requested an affidavit from Rick C. Shumaker in order to address petitioner's ineffective assistance of counsel claims.³ Petitioner contends the affidavit is somehow fraudulent and has prejudiced him in the prosecution of his state and federal habeas claims. As outlined by the Magistrate Judge, Texas Code of Criminal Procedure Art. 11.08(3)(d) does not even require the state court to request affidavits. For reasons not set forth in the record, the trial court requested an affidavit from Mr. Shumaker who reviewed the record and petitioner's complaints of ineffective assistance of counsel and addressed each argument accordingly. The trial court ultimately found petitioner's trial counsel was not ineffective. The Texas Court of Criminal Appeals reviewed the trial court findings of fact and conclusions of law and petitioner's complaints regarding same and found no error. This Court similarly can find no error in requesting and relying on the affidavit of Rick C. Shumaker. As such, an evidentiary hearing was not required.

Petitioner finally argues the findings of the Magistrate Judge are inconsistent as they relate to the adopted admission against penal interest testimony and his claims of trial court error, ineffective assistance of trial counsel, and ineffective assistance of appellate counsel. There is nothing inconsistent about the findings of the Magistrate Judge. The Magistrate Judge found that petitioner's claim of trial court error could not be considered on federal habeas review as the state court rejected the claim based on a state procedural default. The trial court found in its Findings of Fact and Conclusions of Law this claim could have been resolved by objection at trial or on direct appeal but was not, as the state trial court felt the objection was untimely.⁴ In analyzing petitioner's ineffective assistance of trial counsel claim, the Magistrate Judge recommended the claim be denied as petitioner ultimately could not show prejudice as the trial court noted the

---

³It appears from the record in this case that Rick C. Shumaker was originally appointed to represent petitioner before his first trial. Mr. Shumaker is the Chief Public Defender for the Bowie County Public Defender's Office. However, Mr. Shumaker was unable to represent petitioner at trial due to a pending surgery. Charles C. Hall, also with the public defenders office, ultimately represented petitioner during both trials.

⁴Even if this Court were to consider the merits of this claim, the claim would be denied as petitioner cannot show prejudice as outlined above and below. The trial court, while considering the objection untimely, still noted the objection and overruled it based on Texas Rules of Evidence 801(e)(2)(b).

objection and overruled it even though he believed the objection to be untimely.

Finally, in evaluating petitioner's ineffective assistance of appellate counsel claim, the Magistrate Judge found that appellate counsel could not be ineffective for failing to raise this issue on appeal as he was procedurally barred from doing so since the trial court found the objection untimely. Petitioner has simply failed to demonstrate the state court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

Accordingly, petitioner's objections are overruled. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

Furthermore, the Court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, petitioner has not shown any of the issues would be subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further. Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of certificate of appealability. Accordingly, a certificate of appealability will not be issued.

**So Ordered this**

**Aug 2, 2016**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE